EATMAN v. STATE.*

(Division B.   Oct. 31, 1927.)

[114 So. 347.   No. 26654.]

INTOXICATING LIQUORS.   *Conviction of unlawful possession of still held
    unsupported by evidence.*
    Evidence on prosecution for unlawful possession of still *held*
    wholly insufficient to sustain conviction.

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 766, n. 78; In-
toxicating Liquors, 33CJ, p. 758, n. 80.

APPEAL from circuit court of Lowndes county.
HON. J. I. STURDIVANT, Judge.
Alonzo Eatman was convicted of unlawful posession
of a still, and he appeals.   Reversed and discharged.

*Wm. P. Stribling,* for appellant.

*James W. Cassedy, Jr.,* Assistant Attorney-General
for the state.

HOLDEN, P. J., delivered the opinion of the court.

Alonzo Eatman appeals from conviction of the crime
of unlawful possession of a still.   He was sentenced to
serve a term of two years in the penitentiary, and to
pay a fine of one hundred dollars.

The appeal presents but one question for our decision,
and that is whether or not the testimony offered by the
state was sufficient to sustain a conviction.

After a careful consideration of the evidence in the
record, we have no hesitancy in saying that the testi-
mony upon which the jury based its verdict was wholly
insufficient, and, as we view it, the proof offered for the
state to show that the appellant was in possession of

the still, or had anything to do with it or its operation at the time the officers seized it, amounted to no more than mere suspicion.

The testimony of the witnesses introduced by the state, as recited in the attorney-general's brief herein, actually proves appellant to be innocent of the charge instead of showing his guilt. We see no good purpose in setting out the testimony at length. The appeal simply presents a case where the state failed to prove the charge, and the trial judge ought to have promptly dismissed the case when all the evidence had been submitted. In his brief, the attorney-general says:

"Although with great reluctance to confess error in a case of this kind which has been tried at great expense to the county in which the trial was held, I do not care to argue that the case be affirmed. After very carefully considering and weighing the evidence, I seriously doubt that it is sufficient to sustain the verdict, and, for this reason, submit this case without argument, and leave it for this court to say whether it should be affirmed or reversed."

We quite agree with the view thus expressed by the attorney-general. When a person is charged with possessing a still, as in this case, and all of the evidence introduced shows conclusively that the accused knew nothing of the still; that it was more than one-half mile from his home; that it was located upon some other person's land, and not that of the defendant; that the defendant was never seen at or near the still; and, finally, that the accused was not at the still, but was actually working at a point two miles away all during the day when the still was discovered—under this state of case —we must hold that the judgment be reversed and appellant discharged.

*Reversed, and appellant discharged.*